NO. 07-07-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 1, 2008

_____

JERRY DALE MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 06-10-6323; HONORABLE PAT PHELAN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Jerry Dale Morgan, was convicted by a jury of driving while intoxicated, enhanced, and sentenced to life in prison. The clerk's record was filed on November 19, 2007.

Texas Rules of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a *Certification of Defendant's Right of Appeal* each time it enters a judgment of guilt or other appealable order. *Hargesheimer v. State,* 182 S.W.3d 9063, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An appellate court that has an appellate record is obligated to review that record in order to ascertain whether the certification is defective. *Dears v. State*, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). Upon consideration of Appellant's Fourth Motion for Extension of Time to File Appellant's Brief, we reviewed the clerk's record to determine whether a proper certification was on file.

Pursuant to an amendment to Rule 25.2(d) of the Texas Rules of Appellate Procedure, which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as any right to file a *pro se* petition for discretionary review.[1] In this case, although sentence was imposed on July 18, 2007, the *Certification of Defendant's Right of Appeal* was not executed by the trial court until November 18, 2007. Because Rule 25.2(d) is a procedural rule, the rule in effect at the time of the execution of the certification applies. *Wilson v. State,* 473 S.W.2d 532 (Tex.Crim.App. 1971).

---

[1]The proper form for *Certification of Defendant's Right of Appeal* is contained in Appendix D to the 2008 Texas Rules of Appellate Procedure.

The certification contained in the clerk's record does not contain the defendant's signature. Furthermore, it does not reflect whether a copy of the certification was given to the defendant, nor does it indicate whether the defendant was given the required admonishments. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a *Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before June 16, 2008.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

Additionally, Appellant's fourth motion for extension of time is granted. Appellant's brief is due on or before June 16, 2008.

It is so ordered.

Per Curiam

3